UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


LEE W. MURBERG,

    Plaintiff,

vs.                                             CASE NO. 8:08-CIV-936-T-17-JRK

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the report and recommendation (R&R) issued by Magistrate Judge James R. Klindt on August 5, 2009 (Docket No. 17). The magistrate judge recommended that the Court reverse and remand the matter with instructions pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by 42 U.S.C. § 1383(c)(3).

Pursuant to Rule 6.02, Rules of the United States District Court for the Middle District of Florida, the parties had ten (10) days after service to file written objections to the proposed findings and recommendations, or be barred from attacking the factual findings on appeal. **Nettles v. Wainwright**, 677 F.2d 404 (5th Cir. 1982) (en banc). No timely objections were filed.

## **STANDARD OF REVIEW**

When a party makes a timely and specific objection to a finding of fact in the report and recommendation, the district court should make a de novo review of the record with respect to that factual issue. 28 U.S.C. § 636(b)(1); **U.S. v. Raddatz**, 447 U.S. 667 (1980); **Jeffrey S. v. State Board of Education of State of Georgia**, 896 f.2d 507 (11th Cir. 1990). However, when no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard. **Gropp v. United Airlines, Inc.,** 817 F.Supp. 1558, 1562 (M.D. Fla. 1993).

The Court has reviewed the report and recommendation and made an independent review of the record. Upon due consideration, the Court concurs with the report and recommendation. Accordingly, it is

**ORDERED** that the report and recommendation, August 5, 2009 (Docket No. 17) be **adopted** and **incorporated by reference**; the Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by 42 U.S.C. § 1383(c)(3), reversing and remanding the matter with the following instructions: 1) Reconsider whether Plaintiff's objectively determined medical condition could reasonably be expected to produce the symptoms he alleges, and determine whether the side effects of his medications reduce his residual functional capacity. If the Administrative Law Judge (ALJ) decides to discredit

2

Plaintiff's subjective testimony, explicit and adequate reasons should be provided; and 2) State the weight given to Dr. Hanna's opinion that Plaintiff could stand, walk, or sit only one-half hour at a time.  If the ALJ decides to discount Dr. Hanna's opinion in this regard, or to discount the opinions of any other treating physicians, reasons showing good cause that are supported by substantial evidence should be articulated.   The Clerk of Court is directed to close the case and terminate any pending motions.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 25th day of August, 2009.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

_____

Copies to:
All parties and counsel of record
Assigned Magistrate Judge