**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LEE W. MURBERG,

                       Plaintiff,

vs.                                                     Case No. 8:08-cv-936-T-17JRK

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                       Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on the Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. § 2412 and Memorandum of Law (Doc. No. 22; "Motion"). In the Motion, Plaintiff seeks attorneys fees in the amount of $4,719.71; costs in the amount of $375.00; and expenses in the amount of $10.64. The Motion is supported by three affidavits: Plaintiff's Attorney's Affidavit Supporting Motion for Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) and the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. No. 23; "Counsel's Affidavit"); Plaintiff's Affidavit and Assignment of EAJA Fee (Doc. No. 24); and the Affidavit of Donald C. Anderson (Doc. No. 25). The Commissioner opposes the Motion on the ground that the time Plaintiff's counsel spent on this case is excessive. See Opposition to Plaintiff's Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. § 2412(d) (Doc. No. 27; 'Response"). The Motion was referred to the

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within fourteen (14) days after service of this document. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking the factual allegations on appeal.

undersigned by the Honorable Elizabeth A. Kovachevich, United States District Judge, for a report and recommendation. See Endorsed Order (Doc. No. 26). For the reasons explained herein, the undersigned finds that the time spent by Plaintiff's counsel on this case was reasonable. Therefore, the undersigned recommends that the Motion be granted, and that Plaintiff's counsel be compensated for the time requested.

The Equal Access to Justice Act ("EAJA") provides in pertinent part as follows:

> [A] court shall award to a prevailing party other than the United States fees and other expenses. . . incurred by that party in any civil action. . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The reasonableness of the amount of a fee requested under the EAJA is determined by using the lodestar method; that is, by considering the factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See Jean v. Nelson, 863 F.2d 759, 773 (11th 1988); see also McCullough v. Astrue, 565 F. Supp. 2d 1327, 1331 (M.D. Fla. 2008).[2]

The Commissioner "does not dispute the issues of substantial justification or prevailing party status . . . ." Nor does the Commissioner contest the hourly rate charged by Plaintiff's counsel ($168.78 per hour in 2008 and $173.39 per hour in 2009). However, the Commissioner contends that the number of hours for which Plaintiff's counsel seeks

---

[2] The factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience reputation, and ability of the attorney; (10) the "understandability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. See Johnson, 488 F.2d at 717-19.

compensation is excessive for two reasons. First, according to the Commissioner, it was excessive to spend 22.40 hours researching and writing Plaintiff's Memorandum of Law (Doc. No. 14), considering that the argument section was only twelve pages long[3] and there were "no novel issues of law or complex set of facts that warranted working 22.40 hours." Response at 3. Second, the Commissioner asserts that Plaintiff's counsel "seeks to bill at a professional rate for services that should reasonably be performed by support staff and included in his overhead." Id. The Commissioner suggests that eighteen hours would be a "generous amount of time for attorneys of such experience [as Plaintiff's counsel] to have prepared the brief in this case and have reviewed the standard filings." Id.

After considering the factors set forth in Johnson, the undersigned finds the amount of time Plaintiff's Counsel spent preparing the Memorandum of Law to be reasonable. The Commissioner seems to recognize that Plaintiff's counsel has experience in Social Security disability litigation. See Response at 3; see also Counsel's Affidavit at 1-2. Plaintiff's counsel's fee was entirely contingent on his success. See Motion at 8; Counsel's Affidavit at 1. Although there were no particularly novel or difficult questions presented, it appears that the time that went into preparing the Memorandum of Law was necessary. In addition, the results obtained were satisfactory. The Affidavit of Donald C. Anderson supports the reasonableness of the amount of the fee requested. Mr. Anderson has been licensed to practice law in the State of Florida since 1973 and is familar with fees normally awarded to counsel in Social Security cases. See Affidavit of Donald C. Anderson at 1. Mr. Anderson

---

[3] The argument portion of Plaintiff's Memorandum of Law was twelve pages; the Memorandum of Law was fourteen pages in its entirety.

-3-

states that he has reviewed the case file, and in his opinion $385.64 in costs and $4,719.71 in attorney's fees are reasonable. Id.

With respect to the type of tasks performed by Plaintiff's counsel, the undersigned finds that all of the tasks performed by Plaintiff's counsel were reasonably necessary. It might appear at first blush that some of the tasks for which Plaintiff's counsel billed could have been performed by a non-attorney, such as filing the Complaint, serving the Summons, filing the return of service, or sending notices. See Response at 4. However, Plaintiff's counsel explains that the time for which he is seeking compensation was spent "overseeing the secretarial activities on these duties." Motion at 6. That is, Plaintiff's counsel did not actually file the Complaint, serve the Summons, or send notices; rather, he spent time overseeing his staff to ensure that those duties were performed properly. See id. Given that Plaintiff's counsel is ultimately responsible for such tasks, it was not unreasonable for him to spend a total of 0.5 hours to verify that these activities were done properly. Similarly, the Commissioner objects to the time spent on "diary" entries, Response at 4, which Plaintiff's counsel explains is his method of reviewing case files to ensure that all necessary action is taken in the case. Motion at 6-7. The undersigned finds that it was reasonable for counsel to spend a total of 0.9 hours reviewing the case file to ensure that all necessary action was taken timely. The Commissioner also argues that the time Plaintiff's counsel spent communicating with his client was unreasonable. Response at 4. However, Plaintiff's counsel explains that these communications were necessary to respond to inquiries from the client and to fulfill his ethical obligation to keep his client informed of the status of the

case. Motion at 5. The undersigned finds the time spent communicating with the client was reasonable.

Accordingly, the undersigned finds Plaintiff's counsel should be compensated $4,354.53 for 25.8 hours of work at the rate of $168.78 per hour in 2008, and $364.12 for 2.1 hours of work at the rate of $173.39 per hour in 2009, for a total of $4,718.65 in attorneys' fees.[4]

With respect to costs and expenses, the Commissioner does not contest Plaintiff's request for $375.00 in costs for the filing fee and service of the summons; and the Commissioner does not oppose the request for $10.64 in expenses for certified mail. The undersigned finds these costs and expenses to be appropriate.

Plaintiff also requests that the award of fees, costs, and expenses be made payable directly to counsel. See Motion at 2. The Court recognizes that the United States Court of Appeals for the Eleventh Circuit has recently instructed that the unambiguous text of 28 U.S.C. § 2412 requires that "attorney's fees are awarded to the prevailing party, not the prevailing party's attorney." Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir. 2008). However, the question before the Court in Reeves was whether an award of attorney's fees belongs to the party or the party's counsel. See id. at 733. The Court does not interpret Reeves to preclude a party from executing a valid assignment of his fees to his attorney. Here, Plaintiff has executed a valid Authority to Represent, in which Plaintiff agreed that "any award pursuant to the Equal Access to Justice Act . . . be made payable directly to" his attorney, see Plaintiff's Attorney's Affidavit Supporting Motion for Award of Attorney's Fees

---

[4] There appears to be a slight miscalculation in the Motion, as Plaintiff's counsel states that the total attorney's fees should be $4,719.71. It appears the correct total is $4,718.64.

Pursuant to 42 U.S.C. § 406(b) and the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. No. 23) at Ex. A, and Plaintiff executed and assignment, see Plaintiff's Affidavit and Assignment of EAJA Fee (Doc. No. 24). Therefore, the Court finds that the fees may be made payable directly to Plaintiff's counsel.

In accordance with the foregoing, it is

**RECOMMENDED:**

1. That the Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. § 2412 and Memorandum of Law (Doc. No. 22) be **GRANTED**.

2. That judgment be entered pursuant to 28 U.S.C. § 2412 in favor of Plaintiff and against Defendant as follows: attorney's fees in the amount of $4,718.65; costs in the amount of $375.00; and expenses in the amount of $10.64. Payment shall be made directly to Plaintiff's counsel, Enrique Escarraz, III, Esquire.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida this 28th day of December, 2009.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

jdf
Copies to:

Honorable Elizabeth A. Kovachevich
United States District Judge

Counsel of Record

-6-